FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

MAR - 8 2010

D. MARK JONES, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>v.<br><br>Gary Eugene Schwartzkopf<br>Defendant. | REPORT AND RECOMMENDATIONS<br><br><br>2:09-CR-00560-TS |
|---|---|

Before the court is a Motion to Suppress submitted by Defendant, Gary Eugene Schwartzkopf. (File Entry #30). After thorough review and consideration of the testimony and evidence presented at the evidentiary hearing, the parties' pleadings, and the subsequent oral arguments, the court recommends that Defendant's Motion to Suppress be denied.

## FACTUAL BACKGROUND

Trooper Ryan Bower testified that on July 4, 2009, he was running radar in a median near milepost 48, on I-15 in Iron County.[1] (Tr. at 9). He indicated that he was positioned in such a way that he was able to observe both northbound and southbound traffic on I-15. Id. Trooper Bower testified that in the outside lane of travel he noticed a black Lincoln traveling north. He indicated that as it passed his location, he noticed that the vehicle had "dark window tinting on

---

[1] The officer testified that he was not sure what time of day it was, but that it was daylight. (Tr. at 11).

the front driver's side window as well as the passenger windows all the way around to the rear windshield area." (Tr. at 9-10). Trooper Bower testified that the window right next to the driver was what he was most concerned about, as he believed that the window was darker than "43 percent light transmittance" as required by Utah law. (Tr. at 10). Trooper Bower then caught up with the vehicle and pulled along side of Mr. Schwartzkopf in order to look at the tinted windows again. (Tr. at 13). Trooper Bower believed that the windows "were definitely darker than what Utah law and our safety rules [would] allow in the State of Utah." Id. He then pulled in behind Mr. Schwartzkopf, initiated his emergency lights and stopped the vehicle based on the window tint violation. (Tr. at 17). When later tested using a tint meter, the vehicle's front side window allowed just 13.5 percent light transmittance. (Tr. At 18.) A subsequent search revealed controlled substances and drug paraphernalia in the vehicle.

## ANALYSIS

Neither party has submitted for consideration a published case in which an appellate court has ruled as to whether a window tint law enacted by a state is binding upon out of state vehicles traveling through the host state.

Defendant asserts that both the principles of the Fourth Amendment and those of the Commerce Clause are implicated in the traffic stop in the present case. Specifically that Trooper Bauer did not know what the law was in Wyoming regarding window tints and that reasonable suspicion does not exist when a trooper is unsure about the law in another state. *Utah v. Friesen*, 1999 UT App 262 (explaining that to enforce the law, an officer must know what the law is, and what it prohibits), and therefore, he did not have reasonable suspicion to stop Mr. Schwartskopf's vehicle. Consequently, defendant asserts, the initial stop of the defendant violated the Fourth Amendment at its inception.

Defendant further asserts that individuals traveling through various states on interstate highways should not be subject to the whim of individual state entities in deciding how dark they can or cannot tint their windows, that stopping an out-of-state vehicle for an equipment violation pursuant to Utah law, is in direct contradiction to basic Commerce Clause jurisprudence, and that such a stop impedes the occupant's right to interstate travel. Defendant cites a United States Supreme Court opinion in which the court found it improper for Illinois to require special mud flaps within it's boundaries. *(Bibb v. Navajo Freight Lines*, 359 U.S. 520 (1959).)

The prosecution has cited two cases from the Tenth Circuit involving window tint violations, which, while unpublished, are persuasive as to the issues presented in the motion to suppress. The court recommends denial of said motion for the reasons stated below.

I.  **THE INITIAL TRAFFIC STOP WAS LAWFUL.**

"[A] traffic stop is valid under the Fourth Amendment if the stop is based on an observed traffic violation or if the police officer has reasonable articulable suspicion that a traffic or equipment violation has occurred or is occurring." United States v. Botero-Ospina, 71 F.3d 783, 787 (10th Cir. 1995) (footnote omitted). "[The] sole inquiry is whether this particular officer had reasonable suspicion that this particular motorist violated 'any one of the multitude of applicable traffic and equipment regulations' of the jurisdiction." Id. (quoting Delaware v. Prouse, 440 U.S. 648, 661 (1979)).

Sergeant Bauer observed a vehicle with window tint that "appeared to be darker than what Utah State law allows." (Tr. at 10.) Prior to stopping the vehicle, Sergeant Bauer verified his initial observation by pulling alongside the vehicle and confirming "those windows appeared that they were definitely darker than what Utah law and our safety rules will allow in the State of Utah." (Id. at 13.)

In his experience as a law enforcement officer, Sergeant Bauer estimated he has made traffic stops based on window tint violations "thousands of times." (Id.) And when asked on cross-examination whether he has ever been wrong making a stop for window tint that later proved to be legal, Sergeant Bauer replied, "no," noting that he allows some leeway before initiating a stop for a tint violation. (See Id. at 24-25.) When later tested, the vehicle's window allowed less than 14-percent light transmittance, (id. at 18), far below the 43-percent minimum required by Utah law. (Id. at 14.); see also UTAH CODE ANN. § 41-6a-1635(1)(b) (2005).

United States v. Ramirez, 86 Fed.Appx. 384, 2004 WL 100525 (10th Cir. 2004), an unpublished opinion[1] by the Tenth Circuit, is very similar to the case at hand. In Ramirez, Utah Highway Patrol Sergeant Ryan Bauer[2] stopped a van for window tint in violation of Utah law. 86 Fed.Appx. at 385. It was undisputed that the van's tint did not violate the less restrictive law in Colorado, the state where it was registered. Id. Defendant Ramirez appealed the District Court's denial of his motion to suppress arguing that Sergeant Bauer lacked reasonable suspicion that he violated an applicable equipment regulation. Id.

The Tenth Circuit declared defendant's argument "without merit" and affirmed the District Court. Id. The Circuit Court explained, "[h]ere, the State of Utah is competent to pass legislation dealing with the window tinting of vehicles operated within Utah. Utah is not required by the Full Faith and Credit Clause to apply the window tinting statute of Colorado in lieu of its own statute." Id. at 386. The Court further noted that, "[e]ven if the Utah statute were repugnant to the Constitution, the 'good faith exception' to the exclusionary rule would apply."

---

[1] Under local rules, "[t]he citation of unpublished decisions is permitted. Unpublished decisions are not precedential, but may be cited for their persuasive value." DUCivR 7-2.

[2] The Sergeant Bauer in the Ramirez case and the Sergeant Bauer who stopped defendant Schwartzkopf are one and the same. In the transcript of the evidentiary hearing in this case, however, Sergeant Bauer's last name has been misspelled as "Bower."

Id. at 386, n1. This is because "the exclusionary rule does not apply to evidence obtained by police officers who act in reasonable reliance on validly enacted statutes." Id. (citing Illinois v. Krull, 480 U.S. 340 (1987); United States v. Vanness, 342 F.3d 1093 (10th Cir. 2003)). The United States District Court in Utah has upheld traffic stops based on window tint violations on out-of-state vehicles as well. See United States v. Velasquez-Rojo, 2007 WL 1594773 (D. Utah) (unpublished) (reasonable suspicion supported stop for Utah tint law violation on vehicle registered in Arizona).

Just as he did in the Ramirez case, Sergeant Bauer stopped defendant Schwartzkopf based on reasonable suspicion that the vehicle's window tint violated Utah law. Whether defendant's vehicle violated Wyoming window tint law is irrelevant. See Ramirez, 86 Fed.Appx. 385. Because Sergeant Bauer "had reasonable suspicion that this particular motorist violated 'any one of the multitude of applicable traffic and equipment regulations' of the jurisdiction," see Botero-Ospina, 71 F.3d at 787 (quoting Delaware v. Prouse, 440 U.S. 648, 661 (1979)), the initial stop was lawful and defendant's motion to suppress should be denied.

## II. EVEN IF THE INITIAL TRAFFIC STOP WAS UNLAWFUL, SUPPRESSION OF THE EVIDENCE IS UNWARRANTED.

Defendant argues that "[s]topping an out-of-state vehicle for an equipment violation pursuant to Utah law, flies in the face of basic Commerce Clause jurisprudence." (Def. Mem. at 4.) Utah's United States District Court, however, has considered and rejected that argument in the past. United States v. Eckhart, 2006 WL 1073465 (D. Utah) (unpublished).

In Eckhart, the District Court adopted the Report and Recommendation of the Magistrate Judge[1], which found that "[t]he Full Faith and Credit Clause does not preclude a state from

---

[1] The District Court disagreed with the Magistrate Judge on the issue of standing only and "agree[d] with the remainder of the Report and Recommendation in its entirety and adopt[ed] it

enforcing its own vehicle equipment laws." Id. at *11 (citing Ramirez, 86 Fed.Appx. at 385-86). The Eckhart court was unpersuaded by defendant's claim that Utah equipment laws "interfere with the right to interstate travel, under the Privileges and Immunities Clause, and they violate the Dormant Commerce Clause." Id. Like the Tenth Circuit in Ramirez, the Eckhart Court observed that even if the Utah equipment regulation was found unconstitutional, the good faith exception to the exclusionary rule would prevent suppression of the evidence. Id.

Because "the exclusionary rule does not apply to evidence obtained by police officers who act in reasonable reliance on validly enacted statutes," Ramirez, 86 Fed.Appx. at 386, n1 (citations omitted), the exclusionary rule is inapplicable in this case even if the Court had determined that Utah's window tint regulations unconstitutionally interfere with interstate commerce. This is particularly true in light of the Tenth Circuit's ruling in Ramirez, which upheld Sergeant Bauer's stop of an out-of-state vehicle for violating Utah window tint law.

Sergeant Bauer relied in good faith on a validly enacted statute. He also relied on a Tenth Circuit ruling (because he was the involved officer) upholding a traffic stop based specifically on that statute. Thus, even if the Court were to agree with defendant's claim that stopping his vehicle for violating equipment laws of Utah was unconstitutional, the good faith exception to the exclusionary rule prevents suppressing the evidence.

---

as the Order of [the District] court." Eckhart, 2006 WL 1073465 at *1-2. The Court specifically noted that it found "no merit to Defendant's objections regarding the remaining issues in the Report and Recommendation." Id. at *2.

# RECOMMENDATION

Based on the foregoing analysis, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Suppress evidence seized during the search of Defendant's vehicle (File Entry #30) DENIED.

Copies of the foregoing report and recommendation are being mailed to the parties who are hereby noticed of their right to object to the same. The parties are further notified that they must file any objections to the report and recommendation, with the clerk of the district court, pursuant to 28 U.S.C. Section 636(b), within ten (10) days after receiving it. Failure to file objections to both factual and legal findings may constitute a waiver of those objections on subsequent appellant review.

DATED this 8 day of March of 2010.

BY THE COURT:

_____
**ROBERT T. BRAITHWAITE**
U.S. Magistrate Judge