IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GARY SCHWARTZKOPF,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER OVERRULING OBJECTION AND DENYING DEFENDANT'S MOTION TO SUPPRESS<br><br>Case No. 2:09-CR-560 TS |

This matter is before the Court on Defendant's objection to the Report and Recommendation of the United States District Court Magistrate Judge. This case was referred to Magistrate Judge Robert Braithwaite under 28 U.S.C. § 636(b)(1)(B). On March 8, 2010, Magistrate Judge Braithwaite issued a Report and Recommendation on Defendant Schwartzkopf's Motion to Suppress, recommending the Motion be denied. On March 18, 2010, Defendant filed a partial Objection to the legal analysis applied by the court.

Those portions of the Magistrate Judge's Report and Recommendation objected to by

1

Defendant are subject to *de novo* review by this Court.¹ Defendant does not object to the findings of fact and therefore the Court will accept the factual findings of the report.

**I. Facts**

The following facts are taken from the Report and Recommendation.² Trooper Ryan Bauer testified that on July 4, 2009, he was running radar in a median near milepost 48, on I-15 in Iron County. Trooper Bauer was positioned so that he could observe both the northbound and southbound traffic on I-15. At some point during the daylight hours, Trooper Bauer noticed a black Lincoln traveling north. The vehicle had Wyoming license plates. As the Lincoln passed his location, Trooper Bauer noticed the car had dark window tinting on the front driver's side. Trooper Bauer indicated he was most concerned with the window right next to the driver because he believed it was darker than the 43 percent light transmittance required by Utah law. In order to look at the tinted windows a second time, Trooper Bauer caught up with the car and pulled along side of Defendant Schwartzkopf. The Trooper still believed the windows "were definitely darker than what Utah law and our safety rules allow in the State of Utah."³ Trooper Bauer proceeded to stop and pull over the car based on the window tint violation. Later testing of the window using a tint meter indicated it allowed only 13.5 percent light transmittance. A subsequent search of the car revealed controlled substances and drug paraphernalia.

Defendant Schwarzkopf seeks suppression of all evidence seized as a result of this stop.

---

¹*See* 28 U.S.C. § 636(b)(1)(B); *see also* FED. R. CRIM. P. 59(b)(3).

²Docket No. 60.

³*Id*. at 2.

## II. Report and Recommendation

The Magistrate Judge determined that the traffic stop was valid under the Fourth Amendment and that there were no violations of either the Full Faith and Credit Clause or the Commerce Clause.

"[A] traffic stop is valid under the Fourth Amendment if the stop is based on an observed traffic violation or if the police officer has reasonable articulable suspicion that a traffic or equipment violation has occurred or is occurring."[4] "[The] sole inquiry is whether this particular officer has reasonable suspicion that this particular motorist violated 'any one of the multitude of applicable traffic and equipment regulations' of the jurisdiction."[5]

Because Trooper Bauer observed (and confirmed his observation by driving alongside Defendant's the vehicle) and believed the window tinting was darker than permitted by Utah law, the Magistrate Judge found he had reasonable articulable suspicion to stop the car under the Fourth Amendment.

Defendant argued that there was no reasonable suspicion because the car was registered in Wyoming and Trooper Bauer lacked reasonable suspicion regarding Wyoming tinting laws. The Magistrate Judge rejected this argument based on *United States v. Ramirez*,[6] and *United States v. Velasquez-Rojo*.[7] In *Ramirez*, another case involving Trooper Bauer, he had stopped a

---

[4]*United States v. Botero-Ospina*, 71 F.3d 783, 787 (10th Cir. 1995) (footnote omitted).

[5]*Id*. (quoting *Delaware v. Prouse*, 440 U.S. 648, 661 (1979)).

[6]86 Fed. App'x. 384, 2004 WL 100525 (10th Cir. 2004).

[7]2007 WL 1594773 (D. Utah June 1, 2007).

van for window tint in violation of Utah law. It was undisputed that the van's tint did not violate the less restrictive law in Colorado, the state where the van was registered.[8] Defendant Ramirez appealed the District Court's denial of his Motion to Suppress based on the same argument of Defendant Schwartzkopf, that Trooper Bauer lacked reasonable suspicion that Defendant violated an applicable equipment regulation.[9]

The Tenth Circuit rejected Defendant Ramirez's argument, explaining "[h]ere, the State of Utah is competent to pass legislation dealing with window tinting of vehicles operated within Utah. Utah is not required by the Full Faith and Credit Clause to apply the window tinting statute of Colorado in lieu of its own statute."[10] The Court further noted that, "[e]ven if the Utah statute were repugnant to the Constitution, the 'good faith exception' to the exclusionary rule would apply."[11] In *Velasquez-Rojo*, this Court also upheld traffic stops based on window tint violations on out-of-state vehicles.[12]

Based on those two precedents, the Magistrate Judge found that, Trooper Bauer had properly stopped Defendant Schwarzkopf based on reasonable suspicion that the vehicle's window tint violated Utah law. The Magistrate Judge also found that it was irrelevant whether

---

[8] *Ramirez*, 86 Fed. App'x at 385.

[9] *Id*.

[10] *Id*. at 386.

[11] *Id*. at n.1; *see Illinois v. Krull*, 480 U.S. 340 (1987); *United States v. Vannes*, 342 F.3d 1093 (10th Cir. 2003) ("The exclusionary rule does not apply to evidence obtained by police officers who act in reasonable reliance on validly enacted statutes.").

[12] *Valesquez-Rojo*, 2007 WL 1594773, at *2.

Defendant's vehicle violated Wyoming's window tint law.

The Magistrate Judge also found that even if the traffic stop was unlawful, suppression of the evidence was unwarranted. This determination was based on *United States v. Eckhart*.[13] That court adopted a Report and Recommendation of the Magistrate Judge which found that "[t]he Full Faith and Credit Clause does not preclude a state from enforcing its own vehicle equipment laws."[14] The *Eckhart* court was unpersuaded by the defendant's argument that Utah equipment laws "interfere with the right to interstate travel, under the Privileges and Immunities Clause, and they violate the Dormant Commerce Clause."[15] Further, like in *Ramirez*, the *Eckhart* court found that even if the Utah equipment regulation was found to be unconstitutional, the good faith exception to the exclusionary rule would prevent suppression of the evidence.[16]

The Magistrate Judge concluded that Trooper Bauer reasonably relied on a valid statute, and that even if application of the statute to out-of-state vehicles was found to be unconstitutional, the evidence would not be suppressed based on the good faith exception. The Magistrate recommended Defendant Schwarzkopf's motion to suppress be denied.

### III. Analysis

Defendant objects to the Magistrate Judge's finding that Trooper Bauer had reasonable articulable suspicion because the stop was based on a violation of Utah law, while Defendant was

---

[13] 2006 WL 1073465 (D. Utah April 10, 2006).

[14] *Id.* at *11.

[15] *Id.*

[16] *Id.*

driving an out of state vehicle with clearly marked Wyoming plates. Defendant also argues that, in analyzing the reasonableness of the stop, the Commerce Clause should be considered.

Defendant argues that this case in analogous to *Bibb v. Navajo Freight*,[17] where the Supreme Court invalidated a law requiring special mud flaps on certain vehicles. Defendant analogizes that it is similarly impermissible for the State of Utah to require all cars traveling through the state to conform with special window tint laws. Finally, Defendant argues that the good faith exception does not apply in this case because it is only applicable to warrant cases.[18]

Defendant cites *State v. Friesen*,[19] for the proposition that a stop is not supported by reasonable suspicion when the trooper is unsure of the law in the state where the car is registered because "[t]o enforce the law, an officer must know what the law is, and what it prohibits."[20] In *Friesen*, the defendant driving a car with Wyoming plates was stopped for not having a front license plate and the defendant challenged the stop arguing that Wyoming law did not require a front license plate.[21] In that case, the trooper who pulled Friesen over stated that he had pulled Friesen over because his vehicle was missing a front license plate.[22] The trooper stated that he was "unsure of Wyoming's license plate requirement," but he knew that some states did not

---

[17] 359 U.S. 520 (1959).

[18] *United States v. Leon*, 486 U.S. 897 (1984).

[19] 988 P.2d 7 (Ut. Ct. App. 1999).

[20] *Id.* at ¶ 13.

[21] *Id.*

[22] *Id.* at ¶ 3.

require a front license plate, and he assumed the Wyoming required two license plates.[23]

Defendant's reliance on this case is misplaced. The Utah Court of Appeals accepted the trial court's finding that the only reason the trooper pulled Friesen over was because of the missing front plate, and he presumed Friesen violated a Wyoming motor vehicle law.[24] The Appellate Court went on to state "[a]lthough the people of Utah have an interest in requiring individuals traveling our highways to comply with the law, including the law regarding the display of license plates, this interest does not justify arbitrary stopping out-of-state vehicles on the chance that there has been a violation of another state's law."[25] The *Friesen* Court held there was no reasonable articulable suspicion because the trooper based the stop on a presumption about Wyoming's laws, he did not stop Mr. Friesen based on a violation of Utah's laws. *Friesen* is clearly distinguishable from the facts in this case.

The Court will follow the prior decisions of this District and the Tenth Circuit, which have found that the stopping of an out-of-state car for violations of Utah law to constitute reasonable and articulable suspicion. Consequently, the Court finds Trooper Bauer had reasonable and articulable suspicion when he stopped Defendant Schwarzkopf.

Having determined that the initial stop was supported by reasonable articulable suspicion, and was therefore valid under the Fourth Amendment, the Court will now turn to Defendant's challenges based on the Full Faith and Credit and Commerce Clauses. As the Tenth Circuit

---

[23]*Id*.

[24]*Id*. at ¶ 15.

[25]*Id*. at ¶ 16.

7

stated in *Ramirez*:

> [t]he Full Faith and Credit Clause 'is exacting' with respect to '[a] final judgement . . . rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment. On the other hand, the Full Faith and Credit Clause does not compel 'a state to substitute the statutes of other states for its own statutes dealing with a subject matter concerning which it is a competent legislature. Here, the State of Utah is competent to pass legislation dealing with the window tinting of vehicles operated within Utah. Utah is not required by the Full Faith and Credit Clause to apply the window tinting statute of Colorado in lieu of its own statute.[26]

Based on the law as laid out by the Tenth Circuit, the Court does not find a violation of the Full Faith and Credit Clause. Although the Court finds the challenge under the Commerce Clause might have more teeth, it declines to reach the issue because even if the statute was found to be unconstitutional, the "good faith exception" to the exclusionary rule would apply.[27]

Defendant argues that the good faith exception is not applicable and cites *Leon*. However, the Court in *Illinois v. Krull*, extended the ruling in *Leon*, so that under the "'good faith exception,' the exclusionary rule does not apply to evidence obtained by police officers who act in reasonable reliance on validly enacted statutes."[28] Therefore, the Court finds the good faith exception to be applicable to this case because Trooper Bauer was relying in good faith on a validly enacted statute.

### IV. Conclusion

Based on the above and after *de novo* review the Court adopts Magistrate Judge

---

[26]*Ramirez*, 86 Fed. App'x. at 386.

[27]*Id*. at n.1.

[28]*Id*. (citing *Krull*, 480 U.S. (1987); *Vanness*, 342 F.3d 1093 (10th Cir. 2003)).

8

Braithwaite's Report and Recommendation (Docket No. 60). It is therefore

ORDERED that Defendant's Objection to the Magistrate's Report and Recommendation (Docket No. 61) is DENIED. It is further

ORDERED that Defendant's Motion to Suppress (Docket No. 30) is DENIED. It is further

ORDERED that Speedy Trial Time is waived from the time of filing of the Motion to Suppress to the date of this ORDER under 18 U.S.C. § 3161(h). It is further

ORDERED that the parties set a status conference in front of Magistrate Judge Braithwaite to set a trial date.

DATED   May 19, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge